UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

────────────────────────────────

WD ENCORE SOFTWARE, LLC,

             Plaintiff,

   -vs-

THE SOFTWARE MACKIEV COMPANY,

             Defendant.

**DECISION and ORDER
No. 6:15-cv-6566(MAT)**

────────────────────────────────

## INTRODUCTION

WD Encore Software, LLC ("Plaintiff" or "WD Encore") commenced this action on September 18, 2015, against The Software MacKiev Company ("Defendant" or "MacKiev"). The Complaint alleges violations of Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), respectively for trademark infringement and false designation of origin, respectively, and a supplemental cause of action for trademark infringement under New York law. Before the Court is Defendant's motion to dismiss the complaint on various grounds or, in the alternative, transfer venue to the District of Massachusetts.

## FACTUAL BACKGROUND

The factual allegations in Plaintiff's complaint are accepted as true for purposes of ruling on Defendant's motion to dismiss. Plaintiff is a New York limited liability company with its principal place of business in Syracuse, New York. Defendant is a

Nevada Corporation with its principal place of business in Boston, Massachusetts.

Plaintiff and non-party Encore Software, Inc. ("Old Encore") signed an Assignment and Assumption Agreement effective July 9, 2014, pursuant to which Plaintiff became the licensee under a Channel Licensing Agreement  dated July 1, 2008, between non-parties Riverdeep, Inc. and HMH Consumer Company (collectively, "Licensor") and Old Encore. The Channel Licensing Agreement granted Plaintiff an exclusive, irrevocable, perpetual, sublicensable right to, and license in, trademarks registered to certain computer programs, namely, "Mavis Beacon Teaches Typing!", "The Print Shop", and "The Print Shop Essentials" (collectively, "the Broderbund Marks"). Plaintiff sells software programs under the Broderbund Marks in a specified territory (the United States and its protectorates and territories, Canada, and Mexico), and in certain channels of distribution. In particular, Plaintiff is authorized to sell in all channels of distribution other than the so-called "Schools Channel," defined by the Channel Licensing Agreement to be all education-related markets, including without limitation reseller networks to schools, direct school sales in the pre-kindergarten through 12th grade market, and after-school programs and learning centers.

Defendant is a party to a License and Distribution Agreement with RiverDeep, Inc. dated September 30, 2002, pursuant to which it

has certain rights to sell software programs under the Broderbund Marks, but only in the Schools Channel.

On November 21, 2012, and February 28, 2013, Plaintiff sent cease-and-desist letters complaining that Defendant was distributing software programs under the Broderbund Marks outside of the Schools Channel. Non-party Houghton Mifflin Harcourt ("HMH"), the successor-in-interest to the Licensor that issued the license to the Broderbund Marks to Plaintiff, sent a similar cease-and-desist letter to Defendant dated December 6, 2013. Plaintiff sent additional cease-and-desist letters to Defendant on January 9, 2015, and March 26, 2015.

Plaintiff subsequently commenced this action, alleging trademark infringement and false designation of origin under the Lanham Act, as well as a cause of action for unfair competition under New York common law. Plaintiff seeks a preliminarily and permanent injunction, an accounting, damages, costs of suit including reasonable attorney's fees, treble damages pursuant to 15 U.S.C. § 1117(b), and prejudgment interest.

Defendant filed a Motion to Dismiss the Complaint (Dkt #6) on December 2, 2015, arguing that (i) the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(7) ("Rule 12(b)(7)") for failure to join HMH a necessary and indispensable party under Federal Rule of Civil Procedure 19(a) ("Rule 19(a)"); (ii) Plaintiff lacks standing to bring a claim

under Section 32(1) of the Lanham Act; and (iii) the Complaint should be dismissed based on the doctrine of forum non conveniens or, in the alternative, should be transferred to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). Plaintiff submitted a Memorandum of Law in Opposition (Dkt #9). Defendant submitted a Reply (Dkt #12), along with the supporting Affidavit of Jack Minsky, President and Sole Owner of Defendant ("Minsky Aff.") and attached exhibits (Dkt #12-1). The matter is now fully submitted and ready for decision.

## DISCUSSION

### I.   The Motion To Transfer Venue

The inquiry on a motion to transfer pursuant to 28 U.S.C. § 1404(a) has two prongs: "The court must first determine whether the action sought to be transferred is one that 'might have been brought' in the transferee court. Second, the court must determine whether, considering the 'convenience of parties and witnesses' and the 'interest of justice,' a transfer is appropriate." Wilshire Credit Corp. v. Barrett Capital Mgmt. Corp., 976 F. Supp. 174, 180 (W.D.N.Y. 1997) (citing 28 U.S.C. § 1404(a); Lencco Racing Co., Inc. v. Arctco, Inc., 953 F. Supp. 69, 71 (W.D.N.Y. 1997); other citations omitted). Motions to transfer venue under 28 U.S.C. § 1404(a) "lie within the broad discretion of the courts and are determined upon notions of convenience and fairness on a case-by-case basis." In re Cuyahoga Equip. Corp., 980 F.2d 110, 117

(2d Cir. 1992)) (citing Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).

### A. Whether the Case "Might Have Been Brought" in the Transferee District

Defendant here seeks to transfer the case to the District of Massachusetts. "For the purposes of section 1404(a), an action might have been brought in another forum if, at the time the action was originally filed, the transferee court would have had subject matter jurisdiction and personal jurisdiction over the defendants, and if venue would have been proper in the transferee court." Posven, C.A. v. Liberty Mut. Ins. Co., 303 F. Supp.2d 391, 401 (S.D.N.Y. 2004) (citing Schechter v. Tauck Tours, Inc., 17 F. Supp.2d 255, 258 (S.D.N.Y. 1998); 17 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 111.12 (3d ed. 2003)). While not conceding that this action could have been filed in the District of Massachusetts, Plaintiff raises no specific grounds on which to dispute the propriety of venue in that forum.

Title 28 U.S.C., Section 1391(c) controls the determination of the residency of corporate defendants for venue purposes and states as follows: "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). A corporation shall be deemed to be a citizen of, and therefore subject to personal jurisdiction in, both its state of incorporation and the

state of its principal place of business. <u>See</u> 28 U.S.C. § 1332(c). Here, Defendant's principal place of business is in Boston, within the District of Massachusetts. Therefore, Defendant is a citizen of, and subject to personal jurisdiction in, the transferee forum. <u>See</u>, <u>e.g.</u>, <u>Pecorino v. Vutec Corp.</u>, 934 F. Supp.2d 422, 430 (E.D.N.Y. 2012) ("Vutec is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Pompano Beach, Florida. In addition, Vutec's other principal place of business is in Coral Springs, Florida, which is within the judicial district of the United States District Court for the Southern District of Florida. Thus, jurisdiction over Vutec would exist under the law of Florida and a Florida court's exercise of personal jurisdiction over Vutec would comport with federal due process.") (citation omitted). Accordingly, the action "might have been brought," 28 U.S.C. § 1404(a), in the District of Massachusetts.

### B.    Whether the Balancing of the Interests Favors Transfer

In exercising discretion to transfer under Section 1404(a), "courts commonly consider at least nine factors, <u>viz.</u>, (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the

-6-

forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances." Pilates v. Pilates Institute, 891 F. Supp. 175, 183 (S.D.N.Y. 1995) (citing Constitution Reinsurance Co. v. Stonewall Insurance Co., 872 F. Supp. 1247, 1250 (S.D.N.Y. 1995)); see also D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006). Each factor need not be accorded equal weight, and other factors may be considered in the court's discretion. Id. (citing Malone v. Commonwealth Edison Co., 2 F. Supp.2d 545, 547 (S.D.N.Y. 1998)).

With regard to the first and third factors, neither party is domiciled in the Western District of New York. Plaintiff has its principal place of business in North Syracuse, New York, which is in the Northern District of New York. Defendant is a Nevada corporation with its principal place of business in Boston, Massachusetts. Thus, transferring venue would be more convenient for any employees of Defendant who might be called to testify as witnesses. While Plaintiff's attorneys have their offices in Rochester, the convenience of a party's attorneys "is not an appropriate factor to consider on a motion to transfer." Invivo Research, Inc. v. Magnetic Resonance Equip. Corp., 119 F. Supp.2d 433, 438 (S.D.N.Y. 2000) (citing Matra Et Manurhin v. International Armament Co., 628 F. Supp. 1532, 1535 n.5 (S.D.N.Y. 1986); other citation omitted). Defendant has provided the Court with the names

of two probable, material witnesses who are located in Massachusetts, and for whom transfer would be more convenient. The first witness is David Eber ("Eber"), Vice President and Associate General Counsel of HMH,[1] the successor to the Licensor that issued the license to use the Broderbund Marks to Plaintiff. Minsky alleges that based on his years of business dealings with HMH, their principal office is located in Boston. Eber signed the December 6, 2013 cease-and-desist letter from HMH to Defendant. In addition, Minsky asserts, he and Defendant's counsel had a phone conference regarding the letter with Eber on February 14, 2014. See Minsky Aff. ¶¶ 3-7. The second witness is Michael Muldowney ("Muldowney") of Riverdeep, Inc., who signed the fifth amendment to Defendant's License and Distribution Agreement. Minsky avers that

---

[1]

Defendant also has moved to dismiss the Complaint for failure to join HMH as a necessary party under Rule 19(a), which mandates joinder of a party subject to service of process, whose joinder will not divest the court of subject matter jurisdiction, "if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring . . . inconsistent obligations by reason of the claimed interest." FED. R. CIV. P. 19(a). Here, HMH, the successor to the Licensor of the Broderbund Marks, has "claim[ed] an interest relating to the subject of the action," id., insofar as it also has asserted that Defendant is improperly using the Broderbund Marks. See Minsky Aff. ¶ 3 & Ex. A. While the caselaw shows varying approaches to this issue, there is authority for the proposition that "the licensor of a [t]rademark is usually treated as a necessary or indispensable party in an infringement action by its licensee." JTG of Nashville, Inc. v. Rhythm Band, Inc., 693 F. Supp. 623, 626 (M.D. Tenn. 1988) (citing Association of Co-op. Members v. Farmland Indus., Inc., 684 F.2d 1134, 1143 (5th Cir. 1982) ("Farmland")). In the typical situation, a licensee asserts its rights against an alleged infringer without joining the trademark owner or licensor, leading to concerns that "the interests of the unjoined party may not be vigorously asserted and it will suffer prejudice[,]" Lisseveld v. Marcus, 173 F.R.D. 689, 693 (M.D. Fla. 1997) (citing JTG, 693 F. Supp. at 627)), and that inconsistent judgments or duplicative obligations could result, were the licensor to sue on its own, see Farmland, 684 F.2d at 1143.

Muldowney works in the Commonwealth of Massachusetts. Id. ¶ 8. Considering the potential witnesses of whom the Court has been made aware, the District of Massachusetts would be a more convenient forum. This factor thus weighs heavily in favor of transfer.

The second factor, the location of relevant documents and ease of access to proof is "entitled to little weight unless the defendant makes a detailed showing as to the burden it would incur absent transfer." Royal Ins. Co. of America v. Tower Records, Inc., No. 02-Civ. 2612(PKL), 2002 WL 31385815, at *6 (S.D.N.Y. Oct 22, 2002) (citation omitted). Defendant has not made such a showing, and therefore the Court presumes that "in the modern era of "faxing, scanning, and emailing documents[,]" American S.S. Owners Mut. Prot. & Indent. Ass'n v. Lafarge N. Am., Inc., 474 F. Supp.2d 474, 485 (S.D.N.Y. 2007), any documents can be relocated to Massachusetts without undue expense. Coker v. Bank of Am., 984 F. Supp. 757, 766 (S.D.N.Y. 1997).

With regard to the locus of the operative facts relevant to the determination of the instant dispute, the district courts are divided. While some courts "have held that the initially chosen forum is the locus of operative facts if there have been sales in that district, even in cases in which sales of an allegedly infringing product have been made in other districts," CYI, Inc. v. Ja-Ru, Inc., 913 F. Supp.2d 16, 20 (S.D.N.Y. 2012) (collecting cases), "other cases have held in such circumstances that mere

in-district sales are not sufficient to justify a finding that the locus of operative facts is in the initially chosen forum[.]" Id. (collecting cases). Here, Defendant avers that it made only a single sale to a retail store in this District, on August 3, 2010, more than a year prior to the alleged infringement. See Minsky Aff. ¶ 9. This sale[2] consisted of one shipment containing five copies of The Print Shop software program and three copies of the Mavis Beacon Teaches Typing! software program. Id. The evidence before the Court regarding sales by Defendant in this District therefore indicates only a minimal connection to this forum. It certainly does not provide a compelling reason to retain venue here.

Neither party has made a showing with respect to the the fifth factor, the availability of process to compel the attendance of unwilling witnesses. Plaintiff did not provide any affidavits of potential witnesses stating that such witnesses would not appear if the action was transferred to the District of Massachusetts. Likewise, Defendant did not provide any affidavits of potential witnesses stating that they would not appear if the action remained in the Western District of New York. Thus, this factor does not appear to be of any particular importance within the context of this case. See Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F. Supp.2d 325, 333 (E.D.N.Y. 2006).

---

[2]

Defendant asserts that this sale totaled less than $400, see Def's Reply at 8. However, the value of the sale is not indicated in the Minsky Aff.

With regard to the relative financial means of the parties, the sixth factor, both Plaintiff and Defendant are "going concerns," i.e., currently operating businesses that are expected to continue to function as such and remain viable in the foreseeable future. However, Defendant has submitted information that Plaintiff's parent company, Wynit Distribution LLC, recently acquired a rival company, thereby bringing its total revenue close to $1 billion. See Minsky Aff. ¶ 10 & Ex. B (Dkt #12-1) Defendant asserts that this is nearly 50 times Defendant's worth. See id. Thus, this factor weighs in favor of Defendant's request to transfer.

The seventh factor, the relative familiarity with the governing law, favors neither forum. The Lanham Act, a Federal statute, governs the main dispute between the parties in this case. It is well-settled that "any district court may handle [a Federal case] with equal skill." Bionx Implants, Inc. v. Biomet, Inc., No. 99 CIV. 740(WHP), 1999 WL 342306, at *5 (S.D.N.Y. May 27, 1999) (citing Recoton Corp. v. Allsop, Inc., 999 F. Supp. 574, 577 (S.D.N.Y. 1998)).

The plaintiff's choice of forum, the eighth factor, "while customarily a very significant factor in a 1404(a) analysis, is not entitled to the weight it is generally accorded when the forum chosen has no material connection with the action." Invivo, 119 F. Supp.2d at 437 (citations omitted). Plaintiff's only connection to

the Western District of New York appears to be that its attorneys are headquartered in Rochester. As noted above, "the convenience of counsel is not an appropriate factor to consider on a motion to transfer." <u>Invivo</u>, 119 F. Supp.2d at 438 (finding that convenience factor favored transfer, where the only persons to be inconvenienced by transfer were plaintiff's trial counsel). This factor accordingly does not weigh in favor of retaining venue in the Western District of New York.

The ninth factor, trial efficiency and the interests of justice, "relates largely to issues of judicial economy, primarily the docket conditions and calendar congestion of both the transferor and the transferee districts." <u>Royal Ins. Co. of Am. v. Tower Records, Inc.</u>, No. 02-Civ. 2612(PKL), 2002 WL 31385815, at *8 (S.D.N.Y. Oct. 22, 2002) (citation omitted). According to recent statistics compiled by the Federal Courts, while the District of Massachusetts has a higher caseload than the Western District of New York, the median time to trial in that district is shorter than in this District by 15.6 months.[3] "Another factor bearing consideration is the relative progress of the case in the original forum." <u>Invivo</u>, 119 F. Supp.2d at 439. Here, the cases is still in

---

[3]

See Table C-5—U.S. District Courts-Civil Federal Judicial Caseload Statistics (March 31, 2015), U.S. District Courts—Median Time From Filing to Disposition of Civil Cases, by Action Taken—During the 12-Month Period Ending March 31, 2015, available at http://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2015/03/31 (last accessed Mar. 15, 2016).

its infancy: Defendant has not yet filed an answer, there has been no discovery exchanged, and there have been no mediation efforts. Since the Western District of New York has not invested a significant amount of time or judicial resources in the instant case at this juncture, transferring it to the District of Massachusetts would not cause any loss of time or effort, or any administrative delays. The trial efficiency factor thus tips in favor of transfer. "Although certainly not decisive," it "is accorded 'some weight[.]'" Hernandez v. Graebel Van Lines, 761 F. Supp. 983, 991 (E.D.N.Y. 1991).

After weighing the various factors, the Court finds that the balance of conveniences weighs in favor of transfer. In particular, the convenience of the parties and witnesses, the most important consideration on a Section 1404(a) motion, weighs strongly in favor of transfer. See Hernandez, 761 F. Supp. at 988 ("The convenience of both the party and non-party witnesses is probably considered the single-most important factor in the analysis of whether a transfer should be granted[.]") (citations omitted). The only persons who would be inconvenienced by transfer would be Plaintiff's attorneys, but, as discussed above, the convenience of counsel is not an appropriate factor to consider on a Section 1404(a) motion. Although the burden on the party requesting a transfer is a heavy one, in this case a balancing of the material circumstances convinces the Court that it has been met.

## II.  Dismissal for Forum Non Conveniens

The enactment of 28 U.S.C. § 1404(a) had the effect of "relegat[ing] common law forum non conveniens to cases where the alternative forum to which a transfer is proposed is a foreign one." DiRienzo v. Philip Servs. Corp., 232 F.3d 49, 56 (2d Cir. 2000) (citation omitted). The doctrine of forum non conveniens is not applicable here because the transferee court is a domestic forum, rather than a foreign one. Defendant's motion to dismiss on this basis therefore is denied.

## III. Dismissal for Lack of Standing and Failure to Join a Necessary Party

Because Defendant has shown that transfer is appropriate, the Court will not prejudge Defendant's motion to dismiss the action for failure to join HMH as a necessary and indispensable party, or the motion to dismiss the count alleging a violation of Section 32(1) of the Lanham Act on the basis that Plaintiff lacks standing. See, e.g., San Francisco Tech., Inc. v. Adobe Systems Inc., No. C 09-6083 RS, 2010 WL 1463571, at *2 (N.D. Cal. Apr. 13, 2010) ("Because [the defendant] has shown that transfer is appropriate, the Court will not prejudge the sufficiency of the complaint for the transferee court.").

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Dkt #6) is granted in part and denied in part, as follows:

It is hereby

-14-

**ORDERED** that Defendant's request to transfer venue of this action to the District of Massachusetts is **granted.** The Clerk of the Court is directed to take all necessary steps to transfer this matter. It is further

**ORDERED** that Defendant's request to dismiss the action under the doctrine of <u>forum</u> <u>non</u> <u>conveniens</u> is **denied with prejudice.** It is further

**ORDERED** that Defendant's request to dismiss the action for failure to join HMH as a necessary and indispensable party under Rule 19(a) is **denied without prejudice** with leave to renew in the transferee forum. It is further

**ORDERED** that Defendant's request to dismiss the count of the Complaint alleging a violation of Section 32(1) of the Lanham Act on the basis that Plaintiff does not have standing is **denied without prejudice** with leave to renew in the transferee forum.

**ALL OF THE ABOVE IS SO ORDERED.**


S/Michael A. Telesca

_____

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:      March 17, 2016
            Rochester, New York